**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| INTERNATIONAL FIBER, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:22-CV-109-PPS-JPK |
| | ) | |
| AJD FOREST PRODUCTS, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction, *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002), and must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

As the party seeking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). The complaint alleges jurisdiction based on diversity of citizenship. For the Court to have diversity jurisdiction, no defendant may be a citizen of the same state as any plaintiff, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff has alleged a sufficient amount in controversy, subject to any future challenge, but has not adequately alleged the parties' citizenship.

The complaint alleges that Defendant AJD Forest Products is a "Michigan limited partnership operating an industrial hardwood lumber sawmill in Grayling, Michigan." [DE 4 ¶ 8]. However, "[t]here is no such thing as 'a [state name] limited partnership' for purposes of diversity jurisdiction," because a limited partnership assumes the citizenships of its partners. *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003) (citing *Guar. Nat. Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996)). If the partners are corporations, each partner is "deemed to be a

citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

In this case, the complaint identifies two general partners of AJD Forest Products, ADF I Corp. and GGS Holdings Company. Plaintiff states that each is "a Michigan domestic corporation," but does not identify the principal place of business for either entity. [DE 4, ¶¶ 9, 10]; *see Guaranty Nat'l*, 101 F.3d at 59 ("it is essential to put into the record the name and citizenship of each partner"). Plaintiff must file a supplemental statement identifying the principal place of business for both corporations. The statement should also clarify whether AJD Forest Products has any other general or limited partners, and identify their name and citizenship as of the date of the complaint. If any of the partners are themselves partnerships, those must be alleged as well. "[When] a partnership has as one of its partners a second partnership . . . it is the citizenship of the partners of the second partnership that matters (and if those partners are themselves partnerships, the inquiry must continue to their partners and so on)." *Hart*, 336 F.3d at 543 (citing *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320-21 (7th Cir. 2002)).

Turning to Plaintiff's citizenship, the complaint indicates that "International Fiber, LLC, is a Maine limited liability company with its main office in East Chicago, Indiana." [DE 4 ¶ 7]. Similarly to a partnership, a limited liability company takes the citizenship of its members. *See Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). Therefore, the name and citizenship of each member of a limited liability company must be identified to determine diversity jurisdiction. If the members are themselves limited liability companies or other unincorporated entities, the citizenship of those members must be identified. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice

of removal was filed, and, if those members have members, the citizenship of those members as well.").

Accordingly, the Court **ORDERS** Plaintiff International Fiber, LLC to **FILE**, on or before **June 30, 2022**, a supplemental jurisdictional statement that properly alleges the citizenships of the parties, as described above.

So ORDERED this 9th day of June, 2022.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT